IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARK DEWAYNE BROCK, 1114573, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:06-CV-1139-B |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director, ) | |
| TDCJ-CID, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner challenges his conviction for murder enhanced with one prior felony conviction. *State of Texas v. Brock*, No. F97-0247324-SR (265th Jud. Dist. Ct., Dallas County, Tex., Aug. 21, 2002). A jury found him guilty and assessed punishment at life in prison. His conviction was affirmed on appeal. *Brock v. State*, No. 05-02-01273-CR (Tex. App. – Dallas, pet. ref'd.). On December 17, 2003, the Court of Criminal Appeals denied his petition for discretionary review. *Brock v. State*, PDR No. 1510-03 (Tex. Crim. App. 2003) (*per curiam*).

On December 1, 2004, Petitioner filed a state application for writ of habeas corpus. *Ex parte Brock*, No. 62,636-01. On March 29, 2006, the Court of Criminal Appeals remanded the writ to the trial court for findings of fact and conclusions of law. The trial court obtained an

affidavit from Petitioner's trial counsel and recommended that Petitioner's state writ be denied. On June 7, 2006, the Court of Criminal Appeals denied Petitioner's writ without written order on the findings of the trial court.

On June 23, 2006, Petitioner filed this federal petition. He argues that he received ineffective assistance of counsel because: (1) his counsel failed to inform him of the state's plea offer of twenty years imprisonment; and (2) his counsel failed to investigate and present mitigation evidence during the punishment phase of the trial.

## II.  Factual Background

The Fifth District Court of Appeals summarized the facts as follows:

> On January 20, 2002, [Petitioner] was involved in an altercation with the decedent, Robert Grayson, outside a night club in Dallas. Grayson knocked [Petitioner] down, and [Petitioner] left the scene. A little while later, [Petitioner] came back and shot Grayson once in the head and, when Grayson did not fall, shot him a second time in the head. [Petitioner] then ran away.

*Brock v. State of Texas*, slip op. at 1-2.

## III.  Discussion

**1.      Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)     An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)     resulted in a decision that was based on an unreasonable determination of

the facts in light of the evidence presented in a State court proceeding. *See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this case is subject to review under the AEDPA.

**2.     Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings

would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### (a) Plea Offer

Petitioner argues his counsel was ineffective because counsel failed to inform him that the state offered a twenty year plea bargain. On the day of trial, Petitioner's counsel informed him that the state was offering a forty year plea bargain. Petitioner rejected this offer. Petitioner argues his counsel did not communicate any other plea bargain offer. On state habeas review, however, defense counsel submitted an affidavit stating that early in the case the state had offered a twenty year plea bargain. (*Ex parte Brock*, No. 62,636-01 at 73). Counsel stated that Petitioner rejected this offer. *Id*. Petitioner argues, however, that he first learned of this twenty year plea offer when he read his counsel's affidavit. Petitioner also included an affidavit from his mother stating that she repeatedly requested information regarding an plea offers by the state and that counsel never informed her or Petitioner of the twenty year offer. (*Id*., Supplement at 12).

The Court of Criminal Appeals remanded Petitioner's habeas petition to the trial court for findings of fact and conclusions of law regarding Petitioner's claim that his counsel did not convey this plea offer. The trial court obtained a second affidavit from defense counsel. Counsel's affidavit stated:

> Early in my representation of Mark Brock (on this case) the state made an offer of twenty years TDC. This offer was on the table for several months. I discussed it

> frequently with Mr. Brock. He wanted a lower sentence or to try for a not guilty. Mark Brock rejected the plea offer and we went to jury trial. I am 100% certain that I informed him that the plea offer was twenty years. I also told him that if we went to trial it could be worse. In the beginning the state did not believe they had a very good case, hence the twenty year offer.

(*Ex parte Brock*, supplement at 5).

The state court considered these conflicting affidavits and determined that Petitioner rejected the plea bargain offer of twenty years. (*Id*. at 3). This decision is entitled to deference under the AEDPA. *See Bass v. Dretke*, 82 Fed. Appx. 351, 355 (5th Cir. 2003) (finding deference is appropriate under AEDPA even though no hearing is held in state court on conflicting affidavits). Petitioner has submitted no other evidence to support his claim. He has failed to show that the state court decision to deny relief was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. This claim should therefore be denied.

### (b) Failure to Investigate

Petitioner argues his counsel was ineffective because he failed to investigate and present mitigation evidence during the punishment phase of the trial. Petitioner argues that if his counsel had properly investigated, he would have discovered that several family members and friends were willing to testify on Petitioner's behalf during the punishment phase.

On state habeas review, Petitioner submitted affidavits from family members and friends stating that Petitioner was a kind, peaceful and considerate person. (*Ex parte Brock* at 21-27). These family members and friends stated they were willing and available to testify at trial. *Id*. His mother also submitted an affidavit stating that she was willing and available to testify at trial.

Petitioner's counsel also submitted an affidavit on state habeas review. He stated:

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -5-

> I met with Mr. Brock and his witnesses several times before trial. His witnesses were family members and one friend, Kerrick Byrd. . . .
>
> * * * *
>
> There were major issues that we were attempting to keep from coming before the jury during guilt and innocence and punishment: 1. Threats to kill witnesses and witness intimidation. 2. Drug dealing, see above. 3. A previous aggravated assault case with a girlfriend (Nika McClin) in which Mr. Brock had dragged her by her hair (as I recall), put a gun to her head and threatened to kill her, see above.
>
> * * * *
>
> Another problem with calling witnesses was our fear of opening the door to the aggravated assault case where he threatened to kill his girlfriend. Mark Brock's mother, Marsha White, did not want to testify. Kerrick Byrd himself said he was not happy to be there (testifying). We had done a pretty good job of rebutting Mr. Brock's alleged threats to kill witnesses. Another family member was present but the problem was that it was her gun that was used in the murder. She did not want to testify. The case against Mark Brock got stronger and stronger the more witnesses we called. My main concern was still keeping out the threat to kill his girlfriend which had occurred only two years prior.
>
> I believed calling any more witnesses on his behalf ran the unjustifiable risk of getting the worst punishment evidence before the jury. The jury already knew he had five aggravated assault cases, having served two years. I believed that evidence of a recent threat to kill at gunpoint would completely destroy our chances of a favorable verdict. I wanted to shut the trial down as quickly as possible. The more witnesses we called the more bad evidence the state was able to get in.

(*Ex parte Brock* at 59-60).

Defense counsel's affidavit states he was concerned that additional witnesses would open the door to more unfavorable testimony. Petitioner has not shown that his counsel's conduct fell outside of reasonable trial strategy. *See Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

Further, the record shows that during punishment, the state introduced evidence that Petitioner had committed five additional felony offenses and seven misdemeanor offenses. All five of the felony offenses were aggravated assault cases, with two of these being aggravated

assault with a deadly weapon. (Trial Tr. Vol. 3 at 132-135). Additionally, two of the misdemeanor charges involved assaults. (*Id.*). Petitioner has failed to show that if his family and friends had testified, there is a reasonable probability that the result of the proceedings would have been different.

**4.      Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 23rd day of April, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).